UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYAN EDWARD BROOKS, D-1,

Defendant.
_____/

Case No. 13-cr-20792

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER CONSTRUING LETTER [66] AS DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, REQUIRING RESPONSE AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

On March 13, 2014, Defendant Bryan Edward Brooks pleaded guilty to Count One of the Information, which charged Defendant with bank robbery in violation of 18 U.S.C. § 2113(a). On July 24, 2014, Defendant was sentenced to a term of 101 months imprisonment.

Presently before the Court is a letter from Defendant, which the Court will construe as Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255. In his letter, Defendant argues that his sentence should be vacated based on the United States Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed. 2d 569 (2015). Specifically, Defendant contends that *Johnson* renders his sentence unconstitutional because one of his past crimes does not

qualify as a "crime of violence" under the United States Sentencing Guidelines. Therefore, he should not have been sentenced to the heightened offense level set forth in the career offender provision of the sentencing guidelines. Additionally, Defendant seeks the appointment of counsel.

There is no constitutional right to counsel when pursuing collateral relief under 28 U.S.C. § 2255. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L. Ed.2d 539 (1987) (citations omitted). However, 18 U.S.C. § 3006A provides that the court may appoint counsel for a person seeking relief under 28 U.S.C. § 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Additionally, a defendant is entitled to counsel when an evidentiary hearing is required in a section 2255 proceeding. *See Rule 8(c) of the Rules Governing § 2255 Proceedings*. The Court is neither persuaded that the interests of justice require the appointment of counsel in this matter nor that an evidentiary hearing is required. The Court will therefore deny Defendant's request for the appointment of counsel.

Accordingly, the Government SHALL respond to Defendant's May 19, 2016 Letter-construed as a Motion to Vacate Sentence under 28 U.S.C. § 2255 <u>no later than July 11, 2016.</u> Defendant may file a reply to the Government's Response <u>no later than August 1, 2016</u>.

Defendant's request for the appointment of counsel is **DENIED**.

    IT IS SO ORDERED.

Dated: June 14, 2016            s/Gershwin A. Drain
   Detroit, Michigan           GERSHWIN A. DRAIN
                                          United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **June 14, 2016.**

                                             s/Tanya R. Bankston
                                             TANYA R. BANKSTON
                                             Case Manager & Deputy Clerk