UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN EDWARD BROOKS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 13-cr-20792

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE UNDER SECTION 28 U.S.C. § 2255 [66]

### I. BACKGROUND

Bryan Edward Brooks ("Mr. Brooks" or "Petitioner"), an incarcerated person, plead guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and is currently serving his sentence in Kansas. Dkt. No. 16. On July 24, 2014, Petitioner received a sentence of 101 months imprisonment. Dkt. No. 34. On May 19, 2016, the Court received a letter from Mr. Brooks, which the Court construes as a Motion to Vacate Sentence under 28 U.S.C. § 2255. Dkt. Nos. 66, 67. In his letter, the Petitioner argues that his sentence should be vacated based on the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed. 2d 569 (2015). Dkt. No. 66, p. 1 (Pg. ID 351). Specifically, Mr. Brooks contends that *Johnson* renders his sentence

unconstitutional because one of his past crimes no longer qualifies as a crime of violence under the United States Sentencing Guidelines. *Id.* Relying on *Johnson*, Mr. Brooks requests a reduction in sentence and appointment of counsel. *Id.*

On June 14, 2016, the Court ordered the Government to respond to Mr. Brooks' claims. Dkt. No. 67. On August 25, 2016, the Court granted the Government's Motion to Stay Mr. Brooks' claims pending the outcome of *Beckles v. United States*, 137 S. Ct. 886 (2017). Dkt. No. 74. On March 6, 2017, the Supreme Court decided *Beckles* and this matter is now ripe for consideration. For the following reasons, the Court will deny Mr. Brooks' Motion to Vacate Sentence Under 28 U.S.C. § 2255.

## II. DISCUSSION

Mr. Brooks argues that, in light of *Johnson*, his classification as a career offender was unconstitutional. Dkt. No. 66, p. 1 (Pg. ID 351). Therefore, Mr. Brooks urges the Court to conduct resentencing. *Id.*

The Supreme Court's opinion in *Beckles*, however, forbids Mr. Brooks desired result. Mr. Brooks was sentenced in 2014. At that time, the Sentencing Guidelines which were in effect, provided that, "[a] defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a *crime of violence* or a controlled substance offense; and (3) the defendant has at least two

> prior felony convictions of either a *crime of violence* or a controlled substance offense.

U.S.S.G. § 4B1.1(a), dated November 1, 2013 (emphasis added).

The Guidelines define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a), dated November 1, 2013 (emphasis added). The clause beginning with "or otherwise" in the § 4B1.2(a) definition above is the residual clause. Mr. Brooks claims that he was sentenced as a career offender based in part on the residual clause in the Sentencing Guidelines.

There is an identical residual clause in the Armed Career Criminal Act ("ACCA"). *Johnson* held that the residual clause in the ACCA was unconstitutionally vague in the way it fixed a higher range of sentences for certain defendants. *See Johnson*, 135 S. Ct. at 2555, 2563. However, despite the identical language, the Supreme Court in *Beckles* rejected adopting *Johnson*'s reasoning to the Sentencing Guidelines. The Supreme Court distinguished the ACCA from the Guidelines:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject

to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Therefore, because *Johnson* does not apply to the Sentencing Guidelines, Mr. Brooks' reliance on *Johnson* (and implicitly *Beckles*), as the basis for resentencing, is misplaced. Accordingly, Mr. Brooks' § 2255 motion must be denied.

### III. CONCLUSION

For the foregoing reasons Mr. Brooks' Petitioner's Motion to Vacate Sentence Under Section 28 U.S.C. § 2255 [66] is **DENIED**.

**SO ORDERED.**

Dated: April 13, 2017

Detroit, MI

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 13, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213